IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| WILLIE LEGRANDE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:05CV00376 |
| | ) | |
| ALUMINUM COMPANY OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION

Tilley, Chief Judge

This case arises out of a dispute between plaintiff Willie LeGrande and his employer, the defendant Aluminum Company of America ("ALCOA"). For the reasons set forth below, defendant ALCOA's Motion to Dismiss or, in the Alternative, for Summary Judgment [Doc. # 9] will be DENIED.

I.

The facts in the light most favorable to the non-moving party are as follows: Mr. LeGrande, an African-American, was hired by ALCOA in September of 1988 to work as a Pot Servicer at its Badin, North Carolina facility. He remained in this position until he was laid off in July of 1993. Mr. LeGrande was called back to work in April of 1997 and in early 1998, began to train for the position of "John Doe Supervisor." A John Doe Supervisor serves as a substitute for full-time Supervisors and manages work crews when a Supervisor is unavailable. As a John

Doe Supervisor, Mr. LeGrande was paid on an hourly basis. A Supervisor, on the other hand, is a salaried position.

While working as a John Doe Supervisor, Mr. LeGrande learned that ALCOA was looking to hire people for salaried Supervisor positions. However, in order to become eligible for a promotion to Supervisor, Mr. LeGrande was required to take an assessment test. He took this test on February 15, 2001, but later learned that he did not score high enough to qualify for the Supervisor position and thus, promotion was denied to him.

Mr. LeGrande filed the present case against ALCOA on April 27, 2005. In the Complaint, he alleges that he was discriminated against on the basis of his race in violation of 42 U.S.C. § 1981 when he was denied promotion to Supervisor.[1] Specifically, Mr. LeGrande alleges that he was originally told he would not have to take the assessment test because he was working as a John Doe Supervisor. (Am. Compl. ¶ 7.) He claims that a white co-worker who also worked as a John Doe Supervisor was promoted to Supervisor without being required to take the assessment test. (Id.) Mr. LeGrande also contends that a less qualified white candidate was ultimately given the position that he applied for. (Id.)

ALCOA filed a Motion to Dismiss or, in the Alternative, for Summary

---

[1] In his Complaint, Mr. LeGrande also contends that he was subjected to a hostile work environment while employed at ALCOA. However, he has withdrawn this claim in his Response to the Defendant's Motion to Dismiss. (Pl.'s Resp. 2.)

Judgment [Doc. # 9] on October 14, 2005.[2] In its Motion to Dismiss, ALCOA notes that on the Charge of Discrimination form that Mr. LeGrande filed with the EEOC, he states that he was denied the promotion to Supervisor in January of 2001. (See Def's Mot. Dismiss, Ex. A.) ALCOA therefore asserts that Mr. LeGrande's Complaint was untimely as it did not fall within the four year statute of limitations applicable to a failure to promote claim made under 42 U.S.C. § 1981.

However, in his Response to the Defendant's Motion to Dismiss, Mr. LeGrande contends that the relevant date for purposes of applying the statute of limitations is May 1, 2001. (Pl.'s Resp. 4.) According to Mr. LeGrande, he was mistaken when he completed the Charge of Discrimination form that he filed with the EEOC. (Pl.'s Resp., Ex. A, Declaration of Willie J. LeGrande ¶¶ 2-3.) Mr. LeGrande has since reviewed a copy of the statement submitted by ALCOA to the EEOC in response to Mr. LeGrande's Charge of Discrimination. (Id.) He now believes the Supervisor position he applied for was filled on May 1, 2001. (Id.)

II.

Summary judgment is appropriate only when there is no genuine issue of any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Material facts are those facts identified by the controlling law as essential elements of the claims asserted by the parties. Thus, the materiality of a

---

[2] Mr. LeGrande filed his Response on November 18, 2005 [Doc. # 15]. ALCOA filed its Reply on December 6, 2005 [Doc. # 16].

3

fact depends on whether the existence of that fact could cause a jury to reach a different outcome. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Cox v. County of Prince William, 249 F.3d 295, 299 (4th Cir. 2001). A genuine issue of material fact exists if the evidence is sufficient for a reasonable trier of fact to find in favor of the nonmoving party. Anderson, 477 U.S. at 248. There is no genuine issue of material fact if the nonmoving party fails to make a sufficient showing on an essential element of its case as to which it would have the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

In evaluating a motion for summary judgment, the court must view the facts and the inferences reasonably to be drawn from them in the light most favorable to the nonmoving party. See Fed. R. Civ. P. 56(e). Summary judgment requires a determination of the sufficiency of the evidence, not a weighing of the evidence. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In essence, the analysis concerns "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52. The party opposing the motion may not rest upon its pleadings but must instead provide evidence or point to evidence already on the record that would be sufficient to support a jury verdict in its favor. Id. at 248.

III.

Mr. LeGrande asserts that the appropriate date for purposes of applying the

4

statute of limitations is May 1, 2001, the date the Supervisor position was filled by ALCOA. (Pl.'s Resp. 4.) However, ALCOA contends that the relevant date is the date Mr. LeGrande first learned that he would not be promoted to the position of Supervisor. (Def.'s Reply 2-5.) ALCOA is correct in this assertion.

In <u>Del. State Coll. v. Ricks</u>, the Supreme Court held that a § 1981 plaintiff's cause of action for employment discrimination accrues on the date that the allegedly unlawful employment practice occurs. 449 U.S. 250 (1980). In <u>Ricks</u>, the plaintiff, a college professor, brought suit under Title VII and § 1981 claiming that he had been denied tenure because of his national origin. The Court found that in order to determine the timeliness of the plaintiff's complaint, it must first "identify precisely the unlawful employment practice of which he complains." <u>Id.</u> at 257. The plaintiff argued that for purposes of applying the statute of limitations the defendant committed a "continuing violation of the civil rights laws" that began when it informed him that he had been denied tenure and continued until the last day of his employment. <u>Id.</u> However, the Court rejected this argument, holding that the applicable limitations periods began to run when the plaintiff was denied tenure and informed of that act. <u>Id.</u> at 258. In so holding, the Court noted that "the proper focus is upon the time of the *discriminatory acts*, not upon the time at which the *consequences* of the acts became most painful." <u>Id.</u> (quoting <u>Abramson v. Univ. of Hawaii</u>, 594 F.2d 202, 209 (9th Cir. 1979) (emphasis in original)); <u>see also</u> <u>Chardon v. Fernandez</u>, 454 U.S. 6 (1981) (applying <u>Ricks</u> to suit brought

5

under 42 U.S.C. § 1983 and holding that limitations period began to run when administrators received advance notice that their appointments would be terminated in a few weeks, not when their appointments actually ended).

Relying on Ricks, the Fourth Circuit has held that the statute of limitations for a plaintiff's employment discrimination cause of action begins to run on the date that the employee is informed of the employer's employment action. See, e.g., Martin v. Sw. Va. Gas Co., 135 F.3d 307, 310 (4th Cir. 1998) ("Only the original decision to let the employee go is subject to analysis under the anti-discrimination laws."); English v. Whitfield, 858 F.2d 957, 961 (4th Cir. 1988) ("[T]he proper focus in assessing time-bar defenses under § 1983, Title VII, and the ADEA is on the time of the challenged conduct and its notification rather than the time its painful consequences are ultimately felt . . . ."). In Hamilton v. 1st Source Bank, the plaintiff filed suit against his former employer alleging he had been discharged because of his age in violation of the Age Discrimination in Employment Act. 928 F.2d 86 (4th Cir. 1990). During discovery, he learned that he had received a lesser salary than younger employees in his job category and therefore amended his complaint to include a discriminatory pay claim. Id. at 87. The plaintiff argued that the court should distinguish between discriminatory discharge and discriminatory pay claims when determining the start of a statute of limitations period. Id. at 89. He asserted that "an employee would be alerted to a possible discriminatory motive for a discharge, whereas an employee has no reason

6

to suspect a discriminatory pay practice upon receiving a paycheck." Id. However, the Fourth Circuit rejected this argument, noting that such an approach would result in considerable uncertainty. Id. ("To attempt to determine how much notice every different potential violation of the ADEA provides is . . . a hopelessly subjective exercise in which we shall not indulge. It would soon mire courts in speculative debates about the exact degree of employee awareness of various categories of employer practices - a debate that would strip statutory limitations periods of the simplicity and predictability that serviceable legal rules require."). The Hamilton court therefore concluded that "[t]o the extent that notice enters the analysis, it is notice of the employer's actions, not the notice of discriminatory effect or motivation, that establishes the commencement of the pertinent filing period."[3] Id. at 88-89.

In the present case, Mr. LeGrande has not explained why he believes May 1, 2001 to be the relevant date for purposes of applying the statute of limitations, beyond noting that the position in question was filled on this date. (Pl.'s Resp. 4.)

---

[3] Although Hamilton concerned a claim brought under the Age Discrimination in Employment Act, the Fourth Circuit has applied its holding to a failure to promote claim brought under Title VII. See Kannapel v. Hudson, 1993 WL 498234, at *8 (4th Cir. Dec. 3, 1993) (unpublished per curiam opinion) ("A plaintiff's lack of knowledge of the discriminatory nature of an employment decision and the reasons for the lack of knowledge . . . play no part in determining the beginning of the statutory limitation period.") (citation omitted). However, in Kanappel, the plaintiff was told at the time she was denied promotion that she could not be promoted until after her male co-workers were promoted. Id. at *3. Therefore, the plaintiff was aware of her employer's discriminatory motive at the time she was denied promotion.

7

However, he does not appear to contend that he was unaware of a possible discriminatory motive on ALCOA's part until he learned that a white candidate had been given the Supervisor position he had sought. Indeed, Mr. LeGrande specifically alleges in his Complaint that he was discriminated against when he was required to take the assessment test in the first place:

> Plaintiff was denied the position of Supervisor in 2001, allegedly because he did not score high enough on an assessment test. Plaintiff had earlier been advised that because of his status as a fill in Supervisor, he would not have to take the assessment test. A white coworker who also served as a John Doe Supervisor was grandfathered in and did not have to take the assessment test in order to be promoted to Supervisor. Plaintiff was denied the promotion in 2001 and a lesser qualified white candidate was selected for the position.

(Am. Compl. ¶ 7.) Thus, Mr. LeGrande cannot claim that he was unaware of any possible discriminatory motive on ALCOA's part until May 1, 2001.

In asserting that May 1, 2001 is the relevant date for purposes of the statute of limitations, Mr. LeGrande has made a similar claim to that of the plaintiff in Ricks. Mr. LeGrande appears to contend that he was discriminated against when he learned that he would be required to take the assessment test and this discrimination continued up until the point when a white candidate was given the promotion that Mr. LeGrande was seeking. However, as with Ricks, these events ultimately involve a single instance of discrimination: the denial of the promotion to Supervisor to Mr. LeGrande. See 449 U.S. at 257. It is this alleged act of discrimination that determines the beginning of the statute of limitations period,

8

not the consequences of this act. See id. at 258.

IV.

Having found that the statute of limitations period began when Mr. LeGrande learned that he had been denied promotion to Supervisor, the next inquiry concerns the identification of this date.

Mr. LeGrande filed his Complaint on April 27, 2005. The statute of limitations for a failure to promote claim brought under 42 U.S.C. § 1981 is four years. See Jones v. R.R. Donnelly & Sons Co., 541 U.S. 369 (2004). Therefore, Mr. LeGrande must have learned that he had been denied the promotion sometime after April 27, 2001 in order for the Complaint to be timely. However, ALCOA contends that Mr. LeGrande was aware he would not be promoted to Supervisor well before April 27, 2001. In support of this assertion, ALCOA has provided the following: (1) deposition testimony that Mr. LeGrande gave in a related case, Williams v. ALCOA, No. 1:00CV00379 (M.D.N.C. filed April 14, 2000); and (2) unauthenticated shift schedules for the Potroom at ALCOA's Badin facility for the period from Feb. 5, 2001 to May 13, 2001. (See Def.'s Reply, Exs. E, G - L.)

In order to be promoted to the position of Supervisor, Mr. LeGrande was required to take an assessment test. He took this test on February 15, 2001. (Def.'s Reply, Ex. F.) During his deposition, Mr. LeGrande testified that he learned he did not pass the assessment test, and thus would not be promoted to Supervisor, five to seven weeks later at a meeting with his supervisor, Larry

Phillips. (Def.'s Reply, Ex. E., Deposition of Willie J. LeGrande 89.) After this meeting, Mr. LeGrande informed Mr. Phillips that he no longer wanted to work as a John Doe Supervisor and wanted instead to "go back to the floor" to work as a Smelting Operator. (Id. at 90-91.) When Mr. LeGrande was asked when he last worked as a John Doe Supervisor, he said: "somewhere in April. I'm guessing. I can't remember. A lot of things been going on. Around April." (Id. at 5.)

ALCOA contends that the shift schedules attached to its Reply brief establish that Mr. LeGrande returned to the floor to work as a Smelting Operator on April 2, 2001. (See Def.'s Reply, Exs. G - L.) However, although these documents may be admissible at trial, they have not been properly authenticated and thus the Court cannot consider them for purposes of evaluating ALCOA's Motion for Summary Judgment. See 10A Charles A. Wright et al., Federal Practice and Procedure § 2722, at 382-84 (1998 & 2005 Supp.) ("To be admissible, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence."); Orsi v. Kirkwood, 999 F.2d 86, 92 (4th Cir. 1993) ("It is well established that unsworn, unauthenticated documents cannot be considered on a motion for summary judgment.") (citations omitted).

Of the evidence submitted by ALCOA in support of its Motion for Summary Judgment, only Mr. LeGrande's deposition testimony may be considered for the purpose of determining when Mr. LeGrande learned he would not be promoted to

Supervisor.[4] However, this testimony merely establishes that Mr. LeGrande learned he had not passed the assessment test - and thus would be denied promotion - sometime in April of 2001. It does not support a finding that Mr. LeGrande learned he would not be promoted prior to April 27, 2001. Therefore, ALCOA has not provided evidence sufficient to establish that Mr. LeGrande's Complaint was not filed within the applicable statute of limitations period.

V.

For the foregoing reasons, defendant ALCOA's Motion to Dismiss or, in the Alternative, for Summary Judgment [Doc. # 9] will be DENIED.

This the day of May 24, 2006

    /s/ N. Carlton Tilley, Jr.
United States District Judge

---

[4] ALCOA has also submitted a copy of a letter dated Feb. 22, 2001 in which the Supervisor position is offered to a white candidate. (Def.'s Reply, Ex. M.) However, not only has ALCOA failed to authenticate this letter, it has not offered any evidence that Mr. LeGrande was aware of its contents.

11