IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

WILLIE LEGRANDE,              )
                              )
        Plaintiff,             )
                              )
        v.                     )    1:05CV00376
                              )
ALUMINUM COMPANY OF AMERICA,   )
                              )
        Defendant.             )
_____ )

MEMORANDUM ORDER AND JUDGMENT

Tilley, District Judge

This case arises out of an employment dispute between Plaintiff Willie LeGrande and his employer, Defendant Aluminum Company of America ("ALCOA"). Mr. LeGrande alleges that ALCOA failed to promote him on the basis of race in violation of 42 U.S.C. § 1981. The matter is now before the Court on ALCOA's Motion for Summary Judgment (Doc. # 37), which, for the reasons set forth below, will be GRANTED.

I.

The facts in the light most favorable to the non-moving party are as follows. Mr. LeGrande, an African-American, was hired by ALCOA in September 1988 to work as a Pot Servicer at its Badin, North Carolina facility. He remained in this position until he was laid off in July 1993. Mr. LeGrande was recalled to work in April 1997, and in early 1998 began to train for the position of "John Doe

Supervisor." A John Doe Supervisor serves as a substitute for full-time Supervisors and manages work crews when a Supervisor is unavailable. As a John Doe Supervisor, Mr. LeGrande was paid on an hourly basis. A Supervisor, on the other hand, is a salaried position.

While working as a John Doe Supervisor, Mr. LeGrande learned that ALCOA was looking to hire people for salaried Supervisor positions. Successful completion of an assessment test is a prerequisite to become eligible for a promotion to Supervisor. Mr. LeGrande took the assessment test on February 15, 2001, but failed to achieve a qualifying score. After learning of his test results, Mr. LeGrande declined to retake the test and requested reassignment as a Smelting Operator. Mr. LeGrande assumed his Smelting Operator duties on April 2, 2001.

This action was commenced on April 27, 2005. Mr. LeGrande filed an Amended Complaint on August 24, 2005, claiming that ALCOA discriminated against him on the basis of race in violation of 42 U.S.C. § 1981 when he was denied promotion to Supervisor.[1] Specifically, Mr. LeGrande alleges that: (1) he was originally informed that he was exempt from the assessment test requirement based on his position as a John Doe Supervisor; (2) a white co-worker who had also worked as a John Doe Supervisor was not required to take the assessment

---

[1] Mr. LeGrande also claimed that ALCOA subjected him to a hostile work environment, but that claim was later withdrawn. (Doc. # 15 at 2.)

test to become eligible for promotion; and (3) a less qualified white candidate was ultimately promoted to one of the available Supervisor positions.

ALCOA filed a Motion to Dismiss or, in the Alternative, for Summary Judgment on October 14, 2005, asserting that Mr. LeGrande's Complaint was not filed within the applicable statute of limitations period. That motion was denied on May 24, 2006 for insufficiency of evidence to support the alleged statute of limitations violation. On June 6, 2006, ALCOA filed a Motion for Reconsideration or, in the alternative, for Summary Judgment, which was denied on June 9, 2006. The parties filed a Joint Rule 26(f) Report on July, 17, 2006 and an Order approving that report was entered on July 18, 2006. Discovery was completed on November 10, 2006.

ALCOA filed the instant Motion for Summary Judgment on December 8, 2006, reasserting its statute of limitations claim. Mr. LeGrande has responded in opposition, ALCOA has replied, and this matter is ripe for consideration.

II.

Summary judgment is proper only when, viewing the facts in the light most favorable to the non-moving party, there is no genuine issue of any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986); Cox v. County of Prince William, 249 F.3d 295, 299 (4th Cir. 2001). A material fact is in dispute when its existence or non-existence could lead a jury to

3

different outcomes. Cox, 249 F.3d at 299 (citing Anderson v. Liberty Lobby, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986)). An issue is genuine if a reasonable jury, based on the evidence, could find in favor of the non-moving party. Id. There is no genuine issue of material fact if the nonmoving party fails to make a sufficient showing on an essential element of its case as to which it would have the burden of proof at trial. Celotex, 477 U.S. at 322-23, 106 S. Ct. at 2552.

Summary judgment requires a determination of the sufficiency of the evidence, not a weighing of the evidence. Anderson, 477 U.S. at 249, 106 S. Ct. at 2510. In essence, the analysis concerns "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52, 106 S. Ct. at 2512. The party opposing the motion may not rest upon its pleadings but must instead provide evidence or point to evidence already on the record that would be sufficient to support a jury verdict in its favor. Id. at 248, 106 S. Ct. at 2510.

III.

ALCOA has presented new evidence learned through discovery in support of its claim that this action was not timely filed within the applicable statute of limitations period. Mr. LeGrande argues that, based on the previous denial of ALCOA's claim, that the law of the case doctrine precludes summary judgment. "Under the law of the case doctrine, 'when a court decides upon a rule of law, that

4

decision should continue to govern the same issues in subsequent stages in the same case.'" Columbus-Am. Discovery Group v. Atl. Mut. Ins. Co., 203 F.3d 291, 304 (4th Cir. 2000) (quoting Arizona v. California, 460 U.S. 605, 618, 103 S. Ct. 1382, 1391 (1983)). "Even under this instruction to adhere to earlier decisions of law in a case, the doctrine is a rule of discretion, not a jurisdictional requirement." Id. (citing Smith v. Bounds, 813 F.2d 1299, 1304 (4th Cir.1987)). Denials of summary judgment are interlocutory, not final, orders. Hensley v. Horne, 297 F.3d 344, 347 (4th Cir.2002); Crain v. Butler, 419 F. Supp. 2d 785, 788 n.1 (E.D.N.C. 2005). As such, they "remain open to trial court reconsideration, and do not constitute the law of the case." Perez-Ruiz v. Crespo-Guillen, 25 F.3d 40, 42 (1st Cir. 1994); see also Plotkin v. Lehman, No. 98-1638, 1999 WL 259669, at *1 (4th Cir. Apr. 30, 1999) (adopting Perez-Ruiz); Schaal v. Anne Arundel County Fire Dep't, 916 F. Supp. 487, 489 n.3 (D. Md. 1996) (same). Accordingly, ALCOA's statute of limitations claim will be reconsidered in light of the additional evidence submitted in support of the instant Motion for Summary Judgment.

IV.

The statute of limitations for an action brought under 42 U.S.C. § 1981 is four years. See Jones v. R.R. Donnelly & Sons Co., 541 U.S. 369, 382, 124 S. Ct. 1836, 1845 (2004). The limitations period begins to run on the date an employee learns of the adverse employment action. Del. State Coll. v. Ricks, 449 U.S. 250, 258, 101 S. Ct. 498, 504 (1980); see also Martin v. Sw. Va. Gas Co.,

135 F.3d 307, 310 (4th Cir. 1998) (holding that the limitations period began to run when the employee was informed of his discharge, even though it did not take effect until three months later); English v. Whitfield, 858 F.2d 957, 961 (4th Cir. 1988) ("[T]he proper focus in assessing time-bar defenses . . . is on the time of the challenged conduct and its notification rather than the time its painful consequences are ultimately felt . . . ."). The adverse employment action at issue in this case is ALCOA not promoting Mr. LeGrande to the position of Supervisor.

It is established in the record that Mr. LeGrande learned that he was not going to be promoted to the position of Supervisor, at the latest, on April 2, 2001. Mr. LeGrande requested job reassignment upon learning of his ineligibility for promotion (Doc. # 37, Ex. A at 90-91), and that reassignment took effect on April 2, 2001 (Id., Ex. B at 4, Ex. C at 2). Therefore, in order for this action to be timely, Mr. LeGrande was required to file a complaint by April 2, 2005.

Mr. LeGrande asserts that in a failure to promote case, the statute of limitations does not begin to run until the position at issue is filled. He argues that the limitations period did not begin to run in this case until May 1, 2001, the day he learned that a less qualified white employee was promoted to one of the available Supervisor positions. In support of this contention, Mr. LeGrande cites to Vadie v. Mississippi State University, 218 F.3d 365 (5th Cir. 2000). In Vadie, after the plaintiff's academic department had been closed by the university, he applied for one of three available faculty positions in another department. 218

6

F.3d at 368-69. While the plaintiff was not selected for the first two positions filled, he remained under consideration for the third. Id. at 371. After he was passed over for the final vacant position, the plaintiff filed a Title VII action against the university and the limitations period began to run on the date the final hire was made. Id. Unlike the plaintiff in Vadie, however, Mr. LeGrande was not under consideration for the Supervisor position that was filled on May 1, 2001. He voluntarily took himself out of contention by refusing to retake the assessment test and requesting reassignment as a Smelting Operator.

Because this action was filed on April 27, 2005, twenty-five days after the expiration of the limitations period, ALCOA is entitled to judgment as a matter of law.

V.

For the reasons stated above, ALCOA's Motion for Summary Judgment (Doc. # 37) is GRANTED. IT IS THEREFORE ORDERED THAT this matter is DISMISSED.

This the day of May 16, 2007

    /s/ N. Carlton Tilley, Jr.
United States District Judge